IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.                              CASE NO. 3:06CV000027 JMM

MARK ANTHONY TERRELL, ET AL.                                       DEFENDANTS

### ORDER

Pending before the Court is the government's Motion for Summary Judgment and the parties' responses in this action brought by the government to obtain an *in rem* judgment. For the reasons stated below the motion is granted (#21).

The following is not in dispute. The government is the owner, and holder, of two Promissory Notes dated September 30, 2003 in the amounts of $38, 260.00 (Loan 43-01) and $103,000.00 (Loan 44-03). In addition the government recorded a Real Estate Mortgage as Instrument No. 03-4241 with the Poinsett County Circuit Clerk and Recorder.

The last payments made on these notes was on June 23, 2004 for Loan 43-01 and January 7, 2005 for Loan 44-03. The account was declared in default on January 25, 2005 with a balance due of $39,093.91 as the principal sum, accrued interest of $2,244.90 up to February 17, 2006 and a daily rate of interest thereafter of $3.8634, and costs. Plaintiff has declared the entire balance due and payable, and has made demand upon defendants for payment.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine

1

factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399 (8th Cir.1995).

Defendants Unico Bank, Heritage Bank, Cross County Bank, and Liberty Bank claim an interest in the real property which forms the basis of this litigation. However, none of these defendants dispute the government's mortgage interest in the real property, nor that their interests are subordinate and inferior to the government's interest. Defendant Mark Anthony Terrell claim of homestead is without merit as Terrell waived his homestead rights. *See* Complaint, Ex. B, ¶ 28.

The facts are not in dispute and the government is entitled to a judgment as a matter of law. The government is directed to file a proposed judgment which includes the priority and validity of the enforceable liens against the property at issue.

IT IS SO ORDERED THIS __2__ day of __February__, 2007.

James M. Moody
United States District Court

2