IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                         No. 3:06CV00027 JMM/HDY

MARK ANTHONY TERRELL, Individually,
and as President and Secretary of MARK A.
TERRELL, INC., and his spouse, if any;
and JEAN ELIZABETH TERRELL and
her spouse, if any; CROSS COUNTY BANK,
Wynne, Ark.; HERITAGE BANK, Jonesboro,
Ark.; CITY OF HARRISBURG dba Harrisburg
Water Gas Division, Poinsett County, Ark.;
LIBERTY BANK OF ARKANSAS, Jonesboro,
Ark.; UNICO BANK, Paragould, Arkansas; and
CITIBANK SOUTH DAKOTA, N.A., Sioux
Falls, South Dakota                                                   DEFENDANTS

**JUDGMENT**

Pursuant to the Court's February 2, 2007, Order granting the plaintiff's Motion for Summary Judgment, and the Application for Default as to Jean Elizabeth Terrell, it is hereby ORDERED, DECREED AND ADJUDGED:

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. Defendants, Mark A. Terrell, Jean E. Terrell, and Mark A. Terrell, Inc., are in default on their obligation to plaintiff and are indebted to the United States of America, Farm Service Agency, U. S. Department of Agriculture, in the principal sum of $39,093.91, interest in the sum of $3,407.80 accrued through December 15, 2006, and to date of this judgment at the daily rate of $3.8634, and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, advances and

recoverable charges, plus any additional advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action. Plaintiff, United States of America, Farm Service Agency, is hereby awarded judgment <u>in rem</u> against the property described herein for the above sums. No personal judgment having been requested, none is rendered.

       3. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by a mortgage recorded in the records of the Circuit Clerk and Recorder for Poinsett County, Arkansas, on September 30, 2003, as Instrument No. 03-4241. Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants, and each of them, and all persons claiming by or through them, in and to the following described property in Poinsett County, Arkansas:

> **Lot 9, Block 1 of Duck Water Estates to the City of Harrisburg, Arkansas, as shown on plat of record in Plat Envelope S97A.**

together with all improvements and appurtenances thereon.

       4. The defendant, Cross County Bank, has a second lien on the above-described property by virtue of a judgment against DTK, Inc. and Mark A. Terrell, Individually, recorded in the Circuit Court of Poinsett County, Arkansas, on November 21, 2002. Cross County Bank's interest is subordinate and inferior to that of Plaintiff through a subordination agreement filed on October 1, 2003, as Instrument No. 03-4245.

       5. The defendant, Liberty Bank of Arkansas, has third and fourth liens on the above-described property by virtue of two judgments against Southridge Development of NEA, Inc.,

and Mark A. Terrell, individually, recorded in the Circuit Court of Poinsett County, Arkansas, on March 22, 2004, and March 14, 2005, as Instrument No. C 05-0594, Judgment Docket "M" at page 348 (Case CV 03-281). Liberty Bank of Arkansas' interest is subordinate and inferior to that of Plaintiff.

      6. The defendant, Jean Elizabeth Terrell, has two judgments recorded in the Circuit Court of Poinsett County as Instrument Nos. C04-0668 and C0-1308, against Mark A. Terrell filed March 30, 2004, and June 3, 2004. Jean Elizabeth Terrell's interest is subordinate and inferior to that of Plaintiff.

      7. The defendant, Heritage Bank, has a lien on the above-described property by virtue of two judgments against Southridge Development of NEA, Inc. and Mark A. Terrell, Individually, recorded in the Circuit Court of Poinsett County, Arkansas, on July 23, 2004, and July 26, 2004. Heritage Bank's interest is subordinate and inferior to that of Plaintiff.

      8. The defendant, Unico Bank, has a lien on the above-described property by virtue of a judgment against Mark Andy Terrell, recorded in the Circuit Court of Poinsett County, Arkansas, on June 14, 2005. Unico Bank's interest is subordinate and inferior to that of Plaintiff.

      9. The defendant, Citibank South Dakota, N.A., has a lien on the above-described property by virtue of a default judgment against Mark Terrell, recorded in the Circuit Court of Poinsett County, Arkansas, on November 30, 2005. Citibank South Dakota, N.A.'s interest is subordinate and inferior to that of Plaintiff .

      10. The Internal Revenue Service holds a Notice of Federal Tax Lien on Andy and Jean Terrell filed October 14, 2005, with the Poinsett County Circuit Clerk and Recorder in Lien Book M, page 518, in the principal amount of $63,666.84, and any sale must be subject thereto in that

no authority exists for the USDA, Farm Service Agency, to foreclose same, and there are no cross complaints seeking to foreclose same.

      11.  If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the South door of the Poinsett County Courthouse, Harrisburg, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes, and to the lien of the Internal Revenue Service.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.

12. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

13. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

14. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America, U.S. Department of Agriculture, Farm Service Agency. Any surplus shall be retained by the U. S. Marshal subject to further orders of the Court for distribution to the subordinate lien holders under the priorities set forth above.

15. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this __6__ day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE